# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTER CITY TIRE AND AUTO CENTER, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHELIN NORTH AMERICA, INC., et al.<br><br>Defendants. | Civil Action No. 13-2590 (JLL) (MAH)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge.

**THIS MATTER** comes before the Court by way of the parties' respective status reports and related submissions concerning the proper direction for this action given its current procedural posture, and it appearing that:

1. Michelin North America, Inc. and Michelin Retread Technologies, Inc. (collectively "Michelin") instituted a declaratory judgment action against Inter City Tire and Auto Center, Inc. and Inter City Retread, Inc. (collectively "Inter City") on April 19, 2013, in the South Carolina District Court under Civil Action No. 13-1067 (hereinafter referred to as the "South Carolina action"). Michelin's Complaint seeks, *inter alia*, a declaration that Michelin properly terminated various dealer agreements with Inter City because of purported breaches by Inter City and because each agreement allows Michelin to terminate it with or without case. Michelin also seeks damages for Inter City's alleged breaches of said agreements.

2. Inter City instituted *this* action on April 23, 2013 by filing a Complaint against Michelin and four additional Defendants. Inter City filed an Amended Complaint on May 1, 2013 which seeks, *inter alia*, a declaratory judgment that Michelin's termination of the

Commercial Customer Agreement and Passenger Tire Agreement constitutes an attempt by Michelin to terminate Inter City's franchise without good cause, and to enjoin Michelin from terminating said agreements.

3. On May 17, 2013, this Court issued an Order staying this case for a period of forty-five days pending determination by the South Carolina District Court of whether South Carolina or New Jersey is the proper forum for this action, pursuant to the first-filed rule. This Court subsequently extended the stay for another forty-five days on June 17, 2013.

4. On August 20, 2013, the South Carolina District Court issued an Opinion and Order denying Inter City's motion to transfer venue to the District of New Jersey pursuant to exceptions to the first-filed rule or, in the alternative, pursuant to 28 U.S.C. § 1404(a). In denying Inter City's motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the South Carolina District Court thoroughly assessed the factors that courts weigh under that statute and concluded that "the § 1404(a) factors weigh heavily in favor of South Carolina."

5. In light of the South Carolina District Court's decision, Michelin urges this Court to dismiss this case without prejudice (so as to allow Inter City to re-file it in the South Carolina District Court). In the alternative, Michelin urges this Court to transfer this case to the South Carolina District Court. Michelin contends that efficiency and comity favor a transfer for at least three reasons. First, the South Carolina District Court has already concluded that it is the proper forum for this matter under the first-filed rule. Second, the South Carolina District Court has the power to enjoin Inter City from further prosecution of this case under the first-filed rule. And, third, the South Carolina action is moving forward—the South Carolina District Court issued a Conference and Scheduling Order on September 5, 2013.

6. On the other hand, Inter City urges this Court to either continue to stay this case indefinitely or to direct Michelin to file a formal motion to dismiss and/or transfer. Inter City contends that four considerations favor a continued stay of this matter. First, Inter City has filed a motion to certify an interlocutory appeal from the South Carolina District Court's denial of its motion to transfer venue, pursuant to 28 U.S.C. § 1292(b). Second, Inter City has filed a motion to dismiss the South Carolina action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Third, Inter City notes that "even if the motion to dismiss is not granted and the South Carolina Venue Decision is not reversed on appeal, dismissal of this case in its entirety would . . . remain inappropriate because . . . the South Carolina Venue Decision affects only two of the six named defendants in this case." Finally, Inter City maintains that Michelin will not be prejudiced should this Court continue to stay this matter while Inter City's motions are decided by the South Carolina District Court (and/or by the Court of Appeals for the Fourth Circuit).

7. Generally, the first-filed rule provides that "where there are parallel proceedings in different federal courts, the first court in which jurisdiction attaches has priority to consider the case." *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 737 (E. D. Pa. 2005). This approach "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted). The first-filed rule's "letter and spirit . . . are grounded on equitable principles," and its "primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id.* at 977 (citations omitted). Accordingly, when applying the first-filed rule, "a court must act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'" *Id.* (citing *Langes v. Green*, 282 U.S. 531, 541, 51 S. Ct. 243, 75 L. Ed. 520 (1931)). Under the first-filed

3

rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med.Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). On the other hand, the first district court has the "'the power' to enjoin the subsequent" action. *E.E.O.C.*, 850 F.2d at 971-972.

8. This Court has carefully considered the parties' positions as to the proper direction for this action given the decision by the South Carolina District Court. In the interests of justice, comity and judicial economy, and based on the Court's inherent authority to manage its docket, this Court declines to dismiss this action and likewise declines to stay this action, indefinitely. Rather, the Court finds that the more prudent and practical approach is to transfer this action, *sua sponte*, to the South Carolina District Court, under the first-to-file rule. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ("Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied—'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'") (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)); *Kytel Int'l Group, Inc. v. Rent a Center, Inc.*, 43 Fed. Appx. 420, 422 (2d Cir. 2002) (citation omitted) ("The first filed rule . . . permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts."); *Burger v. Am. Maritime Officers Union*, 170 F.3d 184 (5th Cir. 1999) ("Under the first-to-file rule, a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another federal court."); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) ("[T]he well-established 'first to file rule' . . .

allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court."); *see generally Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (finding that second-filed court erred by dismissing action under first-to-file rule after determining that issues in case might substantially overlap with previously filed case and concluding that proper course of action was for second-filed court to transfer case to first-filed court to determine which case should proceed); *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.*, 189 F.3d 477 (table), 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) ("[T]he 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court."); *Midwest Motor Exp., Inc. v. Central States Southeast*, 70 F.3d 1014, 1017 (8th Cir. 1995) ("We affirm the district court and its decision to transfer this case based upon the 'first-filed' rule. This rule 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.' ").

9. As stated above, it is clear that this case raises claims that are substantially similar to, and in fact overlap with, those asserted in the South Carolina Action. The South Carolina District Court has already decided—in the context of the South Carolina Action—that the proper forum for the adjudication of the central dispute at issue in *both* cases is South Carolina—not New Jersey. In doing so, the South Carolina District Court engaged in a detailed and comprehensive analysis of the § 1404(a) factors, noted a "substantial overlap" between the two cases, and ultimately concluded that the § 1404(a) factors "weigh heavily in favor of South Carolina." Moreover, although there are four additional named defendants in the New Jersey action, the South Carolina Court expressly considered the issue of whether these four additional

named defendants would be subject to personal jurisdiction in South Carolina and found that they would.

10. In light of the foregoing, and under principles of comity, this Court hereby exercises its discretion and transfers this matter to the South Carolina District Court, pursuant to the file-filed rule, for all further proceedings. *See generally E.E.O.C.*, 850 F.2d at 977 (noting that the "primary purpose" of the first-filed rule "is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments.").

Accordingly, **IT IS** on this **8th day of October, 2013**,

**ORDERED** that this matter is hereby transferred, pursuant to the first-filed rule, to the United States District Court for the District of South Carolina—Greenville Division.

**IT IS SO ORDERED.**

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE